PEOPLES STATE BANK *v.* PELGRIM.

Interpleader—Assignment of Mortgage—Presentation of Claims Against Estate.

> Under contract whereby appellant's deceased, a borrower from bank who had deposited mortgage by another with bank as collateral, was to receive $2,000 from proceeds of mortgage after bank had been reimbursed, and appellee, appellant's creditor, was "to receive the balance of any sums collected on said mortgage," appellee was entitled to decree of assignment of mortgage on bank's bill of interpleader, filed after appellant had tendered bank the balance due it and appellee had tendered a like sum to the bank and $2,000 to appellant, notwithstanding appellee had foreclosed mortgages against appellant's deceased and failed to obtain a deficiency decree and later had presented claims against the estate both here and in Florida without success, since appellee was made the sole owner upon compliance with conditions named.

Appeal from Ottawa; Brown (William B.), J., presiding. Submitted January 12, 1940. (Docket No. 131, Calendar No. 39,949.) Decided March 15, 1940. Rehearing denied June 18, 1940.

Bill of interpleader by Peoples State Bank, a Michigan corporation, against Henry Pelgrim and Henry Winter, executor of the estate of Seth Nibbelink, deceased, for construction of an agreement and directions as to assignment of a mortgage. Decree for defendant Pelgrim. Defendant Winter appeals. Affirmed.

*Nelson A. Miles* (*Butterfield, Keeney & Amberg,* of counsel), for defendant Winter.

*Diekema, Cross & Ten Cate,* for defendant Pelgrim.

POTTER, J.   July 29, 1929, Seth Nibbelink was indebted to plaintiff in the sum of $18,000 upon three promissory notes, with interest at six per cent.   For the purpose of securing the payment of said notes, Nibbelink indorsed and deposited in the Peoples State Bank, of Holland, Michigan, two promissory notes in the sum of $7,000 each, together with the real estate security therefor.   At that time, Nibbelink and Pelgrim made and entered into a contract as follows:

"Whereas the Peoples State Bank of Holland, Michigan, holds as collateral to a loan of Seth Nibbelink a certain assignment of mortgage executed by Laura M. Tobin with a present unpaid balance of $14,000, and

"Whereas said Seth Nibbelink is further indebted to said Henry Pelgrim in a substantial sum:

"It is hereby agreed between said parties—That the Peoples State Bank be first reimbursed from proceeds of collections on said mortgage; that said Seth Nibbelink is to receive $2,000 and that said Henry Pelgrim is to receive the balance of any sums collected on said mortgage.

"Signed    SETH NIBBELINK
"Signed    HENRY PELGRIM

"Dated
"Holland, Michigan,
"August 25, 1932."

Mr. Nibbelink is dead and the bank claims the Nibbelink estate owes it $7,476.95, secured by the notes and mortgage above referred to.

April 12, 1937, Henry Winter, executor of the estate of Seth Nibbelink, deceased, tendered to the

bank $7,476.95 and demanded that it deliver an assignment of the Tobin mortgage to him.   April 12, 1937, Henry Pelgrim, through his legal representatives, tendered $7,476.95, plus $2,000 which the estate of Seth Nibbelink was entitled to, and demanded an assignment of the real estate mortgage.   The bank, upon finding there was a dispute between the defendants in this case, filed a bill of interpleader against Henry Pelgrim and Henry Winter, executor of the estate of Seth Nibbelink, deceased.   From a decree entered in favor of defendant Pelgrim on the bill of interpleader, defendant Winter appeals.

Defendant Winter, executor of the estate of Seth Nibbelink, deceased, by way of answer sets out that Henry Pelgrim filed a claim against the estate of Seth Nibbelink in Dade county, Florida, for $19,518.95, and that he likewise filed a claim against the estate of Seth Nibbelink pending in the probate court of Ottawa county, Michigan, for $19,518.95, both of which claims were disallowed.   Defendant also sets up that Nibbelink in his lifetime was indebted to Henry Pelgrim in the sum of $12,000 and gave him a promissory note, secured by real estate mortgage covering lot 20, block 11, of Shenandoah, a subdivision of Dade county, Florida, according to a plat thereof recorded in plat book 5, at page 87, of the public records of Dade county, Florida, which mortgage is duly recorded in book 698 of mortgages, at page 15; that Nibbelink and wife were also indebted to Henry Pelgrim in the sum of $5,000, secured by a promissory note to which a real estate mortgage was collateral, and that this mortgage was secured by lot 21, block 11, of Shenandoah, a subdivision of Dade county, Florida, which mortgage was duly recorded, and that Nibbelink was also indebted to Henry Pelgrim in the further sum of $5,000 secured by a promissory note and that he gave

a second real estate mortgage upon the lot 21, block 11, of Shenandoah, a subdivision of Dade county, Florida, which real estate mortgage was duly recorded; that on August 5, 1933, Henry Pelgrim, as complainant, instituted in the circuit court of the eleventh judicial circuit of Florida, in and for Dade county, in chancery, under court file No. 37044, a suit to foreclose all these mortgages, and praying for a decree for deficiency; that upon the foreclosure of the mortgages there was found to be due thereon $21,298.33; that the property was bid in for $9,500 by Henry Pelgrim, and that, notwithstanding there was a deficiency on mortgage foreclosure of $12,301.19, no deficiency decree has been entered in the foreclosure suit; and that Pelgrim's right having been fully litigated in the probate court of Dade county, Florida, he is not entitled to any consideration in this court.

Pelgrim sets up the fact that he presented his claim for $19,518.95 to the probate court of Dade county and that he also presented a claim in the probate court of Ottawa county in a similar amount as a contingent claim. He sets up that he later instituted a suit in Dade county, Florida, to foreclose the mortgages hereinbefore mentioned; that he made the tender of $9,476.95 to the bank, and that he is entitled to a decree of assignment of the Tobin mortgage.

The only question involved in this case is as to which defendant is entitled to the benefit of the assignment of this Tobin mortgage in the sum of $14,000.

It is the claim of the Nibbelink estate that the assignment of the Tobin mortgage was a transfer by way of further security for the use and benefit of Pelgrim, and that, being by way of further security, Pelgrim is not entitled to have the property repre-

sented by such security deeded over to him, but that, having elected to proceed with the foreclosure of the real estate mortgages in Dade county, Florida, and not having recovered any deficiency therein, he has irrevocably fixed his right. Whereas, Pelgrim claims the original security given by Nibbelink to him was a separate and distinct transaction; that it was so understood by Jalving, who prepared the instrument itself; that Nibbelink wanted to make payment and that there was nothing mentioned at the time the instrument was made that it was to be for further security, but that it was to be an outright assignment. The trial court said:

"The terms of the agreement, which terms he dictated to Mr. Jalving, show conclusively that he, Nibbelink, made Mr. Pelgrim the sole owner of the mortgage upon the payment of $2,000 to Mr. Nibbelink by Mr. Pelgrim as soon as the bank's obligation was satisfied. The agreement shows that Mr. Nibbelink did not expect personally to pay to the bank the $7,000 secured by the mortgage. The agreement states that the bank will get its payment out of the mortgage. The agreement shows expressly that the payment by Mr. Pelgrim to Mr. Nibbelink of the sum of $2,000 after the bank was paid and satisfied was full consideration for the mortgage (either with or without other sums owing by Mr. Nibbelink to Mr. Pelgrim and which he knew he never could repay), thereby making Mr. Pelgrim the sole owner of the Miraflores (Tobin) mortgage at the time of making the agreement. * * *

"Mr. Pelgrim has never been in default upon the performance of the agreement. He now stands ready, willing and able and offers to comply with the agreement and take possession of the mortgage. * * * ·

"The Miraflores (Tobin) mortgage in question here is the sole property of Mr. Pelgrim upon his

complying with the requirements of said agreement in accordance with its terms. * * * Mr. Pelgrim will have the mortgage when he pays the bank and when he pays the Nibbelink estate $2,000. The amount which he may realize from the mortgage may (or may not) become involved in case he shall make an effort to collect from the Nibbelink estate more than the estate admits as to liability.''

We think the trial court was correct.

Decree affirmed. Plaintiff may have its taxed costs against Winter. Defendant Pelgrim may have his taxed costs against defendant Winter.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.